# State of New York
# Court of Appeals

HON. JONATHAN LIPPMAN, *Chief Judge, presiding.*

No. 2
Executive Plaza, LLC,
    Appellant,
v.
Peerless Insurance Company,
    Respondent.

COPY

Appellant in the above entitled appeal appeared by Jaroslawicz & Jaros, LLC; respondent appeared by Mura & Storm, PLLC; and the amici curiae appeared by Amy Bach, Esq. and Wilkofsky Friedman Karel & Cummins, Esqs.

The Court, after due deliberation, orders and adjudges that following certification of a question by the United States Court of Appeals for the Second Circuit and acceptance of the question by this Court pursuant to section 500.27 of this Court's Rules of Practice, and after hearing argument by counsel for the parties and consideration of the briefs and the record submitted, the certified question is answered in the affirmative. Opinion by Judge Smith. Chief Judge Lippman and Judges Graffeo, Read, Pigott, Rivera and Abdus-Salaam concur.

I certify that the preceding contains a correct record of the proceedings in this appeal in the Court of Appeals and that the papers required to be filed are attached.

                                        Andrew W. Klein, Clerk of the Court

Court of Appeals, Clerk's Office, Albany, February 13, 2014
USCOA, 2nd Circuit (Docket No. 12-1470cv)

# State of New York
# Court of Appeals

No. 2
Executive Plaza, LLC,
      Appellant,
   v.
Peerless Insurance Company,
      Respondent.

**OPINION**

This opinion is uncorrected and subject to revision before publication in the New York Reports.

David Jaroslawicz, for appellant.
John N. Love, for respondent.
United Policyholders; New York Public Adjusters Association, amici curiae.

SMITH, J.:

      This case involves a fire insurance policy that contains a clause limiting the time in which the insured may bring suit under the policy. The limitation period is two years, running from the date of the fire. The policy also says that the insured may recover the cost of replacing destroyed property --

- 1 -

but only after the property has already been replaced. Thus, if (as happened in this case) the process of replacing the property takes more than two years, the insured's claim will be time-barred before it comes into existence.

Answering a question from the United States Court of Appeals for the Second Circuit, we hold that such a contractual limitation period, applied to a case in which the property cannot reasonably be replaced in two years, is unreasonable and unenforceable.

I

Plaintiff owned an office building in Island Park, New York, that was severely damaged in a fire on February 23, 2007. It cost more than a million dollars to restore the building to its previous condition. Plaintiff had $1 million in insurance coverage from defendant, under a policy that gave the insured a choice between the payment of "actual cash value" and "replacement cost." The policy said, however:

> "We will not pay on a replacement cost basis for any loss or damage:
>
> " (i) Until the lost or damaged property is actually repaired or replaced; and
>
> " (ii) Unless the repairs or replacement are made as soon as reasonably possible after the loss or damage."

The policy also had a "Legal Action Against Us" clause, saying:

> "No one may bring a legal action against us under this insurance unless:

> . . . : b. The action is brought within 2 years after the date on which the direct physical loss or damage occurred."

Defendant paid plaintiff the "actual cash value" of the destroyed building, $757,812.50. Plaintiff notified defendant that it would be making a replacement cost claim up to the $1 million policy limit -- i.e., it would be seeking another $242,187.50. Defendant replied that, to collect that amount, plaintiff would have to provide "documentation verifying the completion of repairs."

Plaintiff alleges that it acted reasonably to replace the damaged building, but was not able to do so before the second anniversary of the fire, February 23, 2009. On that date, plaintiff sued defendant in Supreme Court, seeking a declaratory judgment that defendant was liable for replacement costs up to the policy limit. Defendant removed the action to federal court, and successfully moved to dismiss it on the ground that, since plaintiff had not finished replacing the building, the action was premature (Exec. Plaza, LLC v Peerless Ins. Co., 2010 U.S. Dist LEXIS 99602 [EDNY, February 8, 2010]).

The replacement building was completed in October 2010, and plaintiff demanded payment of the unpaid portion of the policy limits. Defendant denied liability on the ground that the two year period had expired, and plaintiff brought another action, the present one, against defendant in Supreme Court. Defendant again removed the case to federal court and again moved

to dismiss. The United States District Court for the Eastern District of New York granted the motion, finding that the policy "unambiguously bars any and all suits commenced more than two years after the date of the damage or loss" (Executive Plaza, LLC v Peerless Ins. Co., 2012 WL 910086 at *6 [EDNY, March 13, 2012]). The District Court found "that the two-year limitation period in the Policy is reasonable, as New York Courts have consistently upheld two-year limitations periods in insurance contracts as reasonable" (id. at *3).

Plaintiff appealed to the United States Court of Appeals for Second Circuit, which certified the following question to us:

> "If a fire insurance policy contains
>
>> " (1)  a provision allowing reimbursement of replacement costs only after the property was replaced and requiring the property to be replaced 'as soon as reasonably possible after the loss'; and
>>
>> " (2)  a provision requiring an insured to bring suit within two years after the loss;
>
> "is an insured covered for replacement costs if the insured property cannot reasonably be replaced within two years?"

(Executive Plaza, LLC v Peerless Ins. Co., 717 F3d 114, 118 [2d Cir. 2013].) We accepted certification (21 NY3d 975 [2013]) and now answer the question yes.

## II

"[A]n agreement which modifies the Statute of Limitations by specifying a shorter, <u>but reasonable</u>, period within which to commence an action is enforceable" (<u>John J. Kassner & Co. v City of New York</u>, 46 NY2d 544, 551 [1979]; emphasis added). We conclude that the contractual period at issue here -- two years from the date of "direct physical loss or damage" (i.e., from the date of the fire) -- is not reasonable if, as the Second Circuit's question requires us to assume, the property cannot reasonably be replaced within two years.

It is true, as the District Court pointed out, that there is nothing inherently unreasonable about a two-year period of limitation. In fact, we have enforced contractual limitation periods of one year (<u>Blitman Constr. Corp. v Insurance. Co. of N. Am.</u>, 66 NY2d 820 [1985]; <u>Sapinkopf v Cunard S.S. Co., Ltd.</u>, 254 NY 111, 114 [1930]) and six months (<u>Continental Leather Co. v Liverpool, Brazil & Riv. Plate Steam Nav. Co.</u>, 259 NY 621 [1932]; <u>Aron & Co. v Panama R.R. Co.</u>, 255 NY 513, 519 [1931]; <u>see also</u> <u>John J. Kassner</u>, 46 NY2d at 552). The problem with the limitation period in this case is not its duration, but its accrual date. It is neither fair nor reasonable to require a suit within two years from the date of the loss, while imposing a condition precedent to the suit -- in this case, completion of replacement of the property -- that cannot be met within that two-year period. A "limitation period" that expires before suit can be brought is not really a limitation period at all, but

simply a nullification of the claim. It is true that nothing required defendant to insure plaintiff for replacement cost in excess of actual cash value, but having chosen to do so defendant may not insist on a "limitation period" that renders the coverage valueless when the repairs are time-consuming.

We have found no case in which we have squarely held that an otherwise reasonable limitation period may be rendered unreasonable by an inappropriate accrual date. We think, however, that the law was correctly stated in Judge Crane's dissenting opinion in Continental Leather Co.: "[T]he period of time within which an action must be brought . . . should be fair and reasonable, in view of the circumstances of each particular case . . . . The circumstances, not the time, must be the determining factor" (259 NY at 622-623). While that rule was stated in a dissent, the majority, in affirming without opinion, apparently disagreed not with the principle but with its application to the case. The Appellate Division opinion that we affirmed in Continental Leather stated essentially the same rule in saying that the issue was whether the plaintiff had "a reasonable opportunity to commence its action within the period of limitation" (Continental Leather Co. v Liverpool, Brazil & Riv. Plate Steam Nav. Co., Ltd., 234 App Div 386, 387 [2d Dept 1932]).

Blitman also supports our holding here. In that case, we enforced an agreed-upon twelve-month limitation period,

rejecting the insured's argument that it was "commercially unreasonable" under the circumstances (66 NY2d at 823). But in doing so, we pointed out that the policy enabled the insured to "protect itself by . . . beginning an action before expiration of the limitation period" (id.). Here, the insured did begin an action on the last day of the limitation period -- and the insurer successfully argued that that action was brought too soon. It is unreasonable for it now to say, as it in substance does, that a day later would have been too late.

Accordingly, the question certified should be answered in the affirmative.

* * * * * * * * * * * * * * * * *

Following certification of a question by the United States Court of Appeals for the Second Circuit and acceptance of the question by this Court pursuant to section 500.27 of this Court's Rules of Practice, and after hearing argument by counsel for the parties and consideration of the briefs and the record submitted, certified question answered in the affirmative. Opinion by Judge Smith. Chief Judge Lippman and Judges Graffeo, Read, Pigott, Rivera and Abdus-Salaam concur.

Decided February 13, 2014



State of New York
Court of Appeals

Andrew W. Klein
Chief Clerk and
Legal Counsel to the Court

Clerk's Office
20 Eagle Street
Albany, New York 12207-1095

Decided February 13, 2014

No. 2
Executive Plaza, LLC,
    Appellant,
v.
Peerless Insurance Company,
    Respondent.

Following certification of a question by the United States Court of Appeals for the Second Circuit and acceptance of the question by this Court pursuant to section 500.27 of this Court's Rules of Practice, and after hearing argument by counsel for the parties and consideration of the briefs and the record submitted, certified question answered in the affirmative.
Opinion by Judge Smith.
Chief Judge Lippman and Judges Graffeo, Read, Pigott, Rivera and Abdus-Salaam concur.